RICHARD K. GUSTAFSON Bar # 193914
Legal Helpers, P.C.
233 South Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rkg@legalhelpers.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| George Reed<br>13932 Nettle St<br>Hesperia, CA 92344<br><br>And<br><br>Trevlyn Reed<br>4446 W 58th Place<br>Los Angeles, CA 90043<br><br>Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>6330 Gulfton<br>Houston, TX 77081<br><br>Defendant. | Case No.:<br><br>ED CV 09 - 00702<br>Judge:<br><br>SGL MANx<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

Complaint - 1

2. Plaintiff George Reed ("George") is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff Trevlyn Reed ("Trevlyn") is Georges's mother.

4. George incurred a "debt" as defined by 15 U.S.C. §1692a(5).

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. In or around October 2008, Defendant telephoned Trevlyn.

9. During this communication, Defendant disclosed to Trevlyn that George owed the debt.

10. During this communication, Trevlyn notified Defendant that George could not be reached at the number that Defendant called.

11. Despite Trevlyn's notice, Defendant telephoned Trevlyn on numerous occasions throughout October and November 2008.

12. During several of these communications, Trevlyn again notified Defendant that Defendant could not reach George at the phone number that Defendant called.

13. During several of these communications, Defendant disclosed to Trevlyn that George owed the debt.

14. During several of these communications, Defendant falsely represented to Trevlyn that Defendant would take legal action against George if George did not contact Defendant.

15. At the time of the communication referenced above, Defendant had neither the intent nor ability to take legal action against George.

16. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party disclosed that Plaintiff George Reed owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## COUNT SEVEN

**Violation of the Fair Debt Collection Practices Act**

30. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT EIGHT

**Violation of the Rosenthal Fair Debt Collection Practices Act**

32. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

33. In falsely representing to Plaintiff the non-payment of the debt may result in legal action against Plaintiff, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT NINE

**Violation of the Rosenthal Fair Debt Collection Practices Act**

34. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

35. In communicating with members of Plaintiff's family for purposes other than obtaining location information, Defendant violated California Civil Code §§ 1788.12(b).

### COUNT TEN

**Violation of the Rosenthal Fair Debt Collection Practices Act**

36. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

37. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted against Plaintiff unless payment of the debt was made, Defendant violated California Civil Code §§ 1788.13(j).

### COUNT ELEVEN

**Invasion of Privacy by Public Disclosure of a Private Fact**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

40. The disclosure of Plaintiff's debt and the threat of legal action to these parties is highly offensive.

41. The information disclosed is not of legitimate concern to the public.

### COUNT TWELVE

**Invasion of Privacy by Intrusion upon Seclusion**

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

44. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

45. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

46. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

49. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

   c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   d. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    e.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _/s/ Richard K. Gustafson_
Richard K. Gustafson (Bar No. 193914)
233 South Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rkg@legalhelpers.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### EDCV09- 702 SGL (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
George Reed & Trevlyn Reed

**DEFENDANTS**
GC Services, LP

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
San Bernardino & Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Legal Helpers, P.C. 233 S. Wacker Dr., Ste 5150
Chicago, IL 60606  866-339-1156

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ 10,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692  Violations of the Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

ED CV 09 - 00702 SGL (MANx)

**FOR OFFICE USE ONLY:**  Case Number: _____  APR - 9 2009

CV-71 (07/05)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
　San Bernardino & Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
　Texas

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
　San Bernardino & Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Richard Z. Sutt_____  Date _3/23/09_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |